IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC KENNEDY                                                         PETITIONER

VS.                                          CIVIL ACTION NO.  3:09cv586-DPJ-FKB

CHRISTOPHER EPPS                                                    RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for federal habeas relief pursuant to 28 U.S.C. § 2254.  Eric

Kennedy entered a plea of guilty in the First Judicial District of the Circuit Court of Hinds

County, Mississippi, to the crime of murder.  By order dated June 10, 1998, he was

sentenced to serve a term of life in the custody of the Mississippi Department of

Corrections (MDOC).  Thereafter, he filed a state-court application for post-conviction

relief (PCR), as well as various other applications for relief - all of which were denied.  He

filed his § 2254 petition with this court on or after September 14, 2009.[1]  Presently before

the court is the motion of Respondent pursuant to 28 U.S.C. § 2244(d) seeking dismissal

of the petition as untimely.  Having considered the motion and Kennedy's response, the

undersigned recommends that the motion be granted and the petition dismissed with

prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

---

[1]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is
deemed filed on the date he delivers the petition to prison officials for mailing to the
federal district court.  *Coleman v. Johnson*, 184 F.3d 401(5th Cir. 1999). Thus,
Kennedy's petition was "filed" sometime between the date it was signed, September
14, 2009, and the date it was received and filed by the district court, September 29,
2009.

one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner's conviction became final no later than July 10, 1998,

thirty days after he was sentenced on his guilty plea, and his one-year limitations period

began to run no later than that day.[2] He had one year from that date, or until July 10,

---

[2]By statute, there is no direct appeal from a guilty plea. *See Miss. Code Ann.* § 99-35-101. However, the Mississippi Supreme Court has carved out an exception to this prohibition, allowing an appeal within thirty days of the sentencing order when the issue concerns an allegedly illegal sentence. *See, e.g.*, *Acker v. State,* 797 So. 2d 966 (Miss. 2001). Therefore, at the latest, pursuant to *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), Kennedy's conviction became final when his thirty-day period for seeking review of the sentence expired.

1999, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed application for post-conviction relief was pending in the state court. On November 30, 1998, Kennedy filed in the state trial court a properly-filed motion for post-conviction relief; that motion was denied on December 3, 2002. Under § 2244(d)(2), he is entitled to 1,465 days of statutory tolling for the time period during which his state court motion was pending; thus, his one year expired on July 14, 2003 (one year from July 10, 1998, plus 1,465 days). [3]

Kennedy addresses the issue of timeliness by stating in his petition that throughout his incarceration he has been taking psychiatric medications and is housed at a "special needs" facility.[4] He attempts to explain his failure to file for relief within the one-year time period by stating that his medications "rendered me dormant from day to day activities," that he was "having a bout with what I'm diagnosed with," and that these circumstances rendered him "incompetent" to file his habeas petition.

The Fifth Circuit has held that the one-year limitation period of § 2244(d) is not jurisdictional and may be subject to equitable tolling in a appropriate case. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). In order to be entitled to equitable tolling, a petitioner must establish that he has diligently pursued his rights and that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v.*

---

[3]On February 19, 1999, Kennedy filed in the Mississippi Supreme Court an "Application for Leave to File PCR." It is was dismissed for lack of jurisdiction on August 7, 2009. Thus, it was not "properly filed" within the meaning of § 2244(d), *see, e.g., Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and resulted in no tolling of the statute.

[4]Section 18 of the form for § 2254 petitions requires a petitioner to address this issue if his conviction became final more than one year prior to filing.

*Florida*, 549 U.S. 327 (2007). Neither the Supreme Court nor the Fifth Circuit has ever applied the doctrine of equitable tolling based upon a showing of mental incompetence in a habeas case.[5] At most, these courts have acknowledged that mental incompetency *might* provide a basis for application of the doctrine. In *Lawrence v. Florida,* 549 U.S. 327 (2007), the court rejected the petitioner's attempt to invoke equitable tolling, stating that "[e]ven assuming this argument could be legally credited, Lawrence has made no factual showing of mental incapacity." *Id.* at 337. Likewise, in *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), the Fifth Circuit acknowledged the possibility that mental incompetence *might* support a claim of equitable tolling in a habeas case.

Assuming that mental incapacity could provide a basis for equitable tolling, a petitioner invoking the doctrine would necessarily be required to establish that he was incapacitated during substantially all of the time during which the statute was running, and, further, that he was diligent about pursuing habeas relief once his mental incapacity ended. Thus, in the present case, this means that Petitioner must establish that he was incapable of filing during most, if not all, of the period of time from the denial of his state PCR application in December of 2002 until he filed his petition in this court in 2009.

Respondent argues in his motion that the numerous court filings made by Petitioner during his incarceration, as well as his other activities, negate any such allegation. Many of the court filings referred to by Respondent were made by Kennedy prior to the denial of his state PCR application; nevertheless, they tend to cast doubt on any claim of total incapacitation. Respondent also points to an undated letter written by

---

[5]In fact, the Supreme Court has not yet reached the issue of whether § 2244(d) allows for equitable tolling. *See Lawrence*, 549 U.S. at 337.

Kennedy to his former counsel in which he states that during his incarceration, he has

obtained his G.E.D. and earned college degrees.[6]  As further evidence of Petitioner's

level of functioning during the relevant time period, Respondent has attached to his

motion a copy of the inmate log showing Kennedy's use of the Inmate Legal Assistance

Program (ILAP) from May 2005 through September of 2009.  This log sheet reflects

significant activity on Kennedy's part in the form of requests for various services, case

law, and supplies.

In response to the motion to dismiss, Petitioner has come forward with little to

support his claim of incapacity or to address Respondent's arguments.  Rather, he has

undermined any claim of continuous incapacity by stating that his mental illness "comes

and goes for short or long periods of time rendering him during a [sic] episode incapable

of retaining court procedures or remembering them altogether."   Thus, it appears that

Petitioner, like many inmates, suffers from a mental condition that *may* from time to time

have caused him difficulties in the preparation of legal documents.  This situation, though

unfortunate, is not "extraordinary" and does not warrant equitable tolling.  Therefore,

Kennedy's  habeas petition is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be

granted and the petition dismissed with prejudice.  The parties are hereby notified that

failure to file written objections to the proposed findings, conclusions, and

recommendation contained within this report and recommendation within fourteen (14)

---

[6]This letter is included as an attachment to Kennedy's habeas petition. Respondent states in his motion that he was able to confirm the allegation concerning the G.E.D.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of June, 2010.


/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE