UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC KENNEDY                                                                                    PETITIONER

V.                                                                CIVIL ACTION NO. 3:09CV586 DPJ-FKB

CHRISTOPHER EPPS                                                                             RESPONDENT

**ORDER**

This cause is before the Court on the Report and Recommendation of Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal of Eric Kennedy's petition for writ of habeas corpus as untimely, rejecting Kennedy's argument that he is entitled to equitable tolling of the limitations period due to mental incompetency. The undersigned agrees and finds that the Report and Recommendation should be adopted.

As explained by Judge Ball, whether mental incompetence is a proper basis for equitable tolling in the context of §2244(d) has on one occasion reached the United States Supreme Court. In *Lawrence v. Florida,* 127 S. Ct. 1079 (2007), the Court rejected such a plea for tolling and held, "*Even assuming this argument could be legally credited*, Lawrence has made no factual showing of mental incapacity." *Id*. at 1086 (emphasis added). Likewise, the Fifth Circuit has never applied equitable tolling to a claim of mental incompetence. The closest the court has come to recognizing such grounds for equitable tolling was in *Fisher v. Johnson*. In that case, the Fifth Circuit held:

> We have recognized the *possibility* that mental incompetency *might* support equitable tolling of a limitation period. *See Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999) (and cases cited therein). Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a pro se petitioner such as Fisher simply cannot pursue his legal rights during such a period. But a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling.

*Fisher*, 174 F.3d at 715 (emphasis added).[1]

The holding in *Fisher* cannot be read as adopting a rule that proof of mental incompetency will allow equitable tolling. The fact that the court did not toll in *Fisher,* despite forced confinement for the duration of the period for which tolling was sought (a fact not present here), suggests the court's reluctance to adopt such a rule. Moreover, since *Fisher*, the Fifth Circuit declined to apply equitable tolling to a claimed lack of mental competence in this context. *See Boothe v. Quarterman*, 326 F. App'x 257 (5th Cir. 2009); *Pena v. Johnson,* No. 00-41158, 2002 WL 1022044 (5th Cir. May 14, 2002); *Smith v. Johnson*, No. 00-10019, 2001 WL 43520 (5th Cir. Jan. 3, 2001); *Francis v. Johnson,* No. 99-50801, 2000 WL 1468760 (5th Cir. Sept. 7, 2000); *Robinson v. Johnson,* No. 99-40291, 2000 WL 821450 (5th Cir. May 31, 2000).

After deciding *Fisher*, the Fifth Circuit began to provide additional guidance on the scope of equitable tolling:

> We have since provided additional insight into the types of circumstances that may be seen as rare and exceptional. In *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999), for example, we stated that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Id*. at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

*Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *see also Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (same). In the present case, there is no allegation that Petitioner was actively mislead.

---

[1] The cases cited by *Fisher* were not in the context of § 2244.

As observed by Judge Ball, Kennedy has not shown how his condition rendered him incapable of filing during most, if not all, of the time period from the denial of his state application in 2002 to the filing of his federal petition in 2009. Finally, in adopting the Magistrate Judge's finding that Petitioner failed to prove legal incompetence for the duration of the seven-years in question, the Court notes that Petitioner has an obligation to diligently pursue his claims. *See Hill v. Johnson,* No. 00-50937, 2001 WL 872797, at *1 (5th Cir. July 6, 2001) (affirming rejection of equitable tolling despite trial court's finding of mental incompetence and holding "[e]ven when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations"). Accordingly, the Court finds that equitable tolling based on the specific facts of this case would represent an expansion of the Fifth Circuit's interpretation of the doctrine.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21st day of July, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE